CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| BRENDA MAJORS, | ) | CASE NO. 3:08CV00005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This action challenges the Law Judge's August 29, 2007 decision to dismiss plaintiff's July 26, 2007 request for a hearing. On April 3, 2008, the Commissioner moved to dismiss this action for lack of jurisdiction on the basis that there has been no final agency decision in the case as is required by 42 U.S.C. § 405(g). Plaintiff has opposed the motion, and the case is before the undersigned under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for disposition of the Commissioner's motion to dismiss. For the reasons that follow, the undersigned RECOMMENDS that an Order enter GRANTING the Commissioner's motion to dismiss, and DISMISSING this action from the docket of the court for lack of jurisdiction.

On November 20, 1990, plaintiff filed an application for disability and disability insurance benefits with an alleged disability onset date of November 1989. (Ortiz Decl.[1], Exh. 3, p. 5; Ortiz Decl. Exh. 5, p. 3.) On November 15, 1991, an Administrative Law Judge ("Law Judge") found she

---

[1]The essential facts are set forth in the Declaration of Donald V. Ortiz, an affidavit which was filed along with the Commissioner's Brief In Support Of His Motion To Dismiss. (Dkt. No. 5, "Def's Brief".) Ortiz is the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Def's Brief, Ortiz Declaration, p. 1.)

was disabled. (Ortiz Decl., Exh. 5, p. 3.) After determining she had been performing substantial gainful activity, it was found that her disability ceased on January 1, 1995, and that she had been overpaid $32,046.80. (Ortiz Decl., Exh. 1, p. 3; Ortiz Decl. Exh. 5, p. 3.) Plaintiff requested a waiver of recovery of the overpayment, which was denied on September 8, 2006. (Ortiz Decl., Exh. 1, pp. 1-2; Ortiz Decl. Exh. 5, p. 3.) On September 22, 2006, a conference was held to determine whether plaintiff would be required to repay the overpayment. (Ortiz Decl., Exh. 3, p. 6.) Plaintiff received a notice dated May 12, 2007 stating the Agency would not waive collection of the overpayment, and that she could request a hearing before a Law Judge within sixty days after receiving the notice. (Ortiz Decl., Exh. 3, pp. 1-2.)

On July 26, 2007[2], plaintiff filed a request for a hearing in which she acknowledged that the request was late, but she asked that the deadline be waived. (Ortiz Decl., Exh. 4, p. 2; Ortiz Decl. Exh. 5, p. 4.) In an order dated August 29, 2007, the Law Judge dismissed plaintiff's request for a hearing on the basis that the request was not filed within the permitted time period[3], and that she did not establish "good cause" for missing the deadline to request a hearing[4]. (Ortiz Decl., Exh. 5, pp. 1-4.)

---

[2] The letter from plaintiff's counsel is dated July 25, 2007, and it was received by the Social Security Administration on July 26, 2007. (Ortiz Decl., Exhibit 4, p. 2.)

[3] A request for hearing before a Law Judge must be filed within sixty days after the date the claimant receives notice of the previous determination or decision. 20 C.F.R. § 404.933(b)(1). Unless the claimant can show otherwise, the notice of the previous determination is presumed to have been received within five days after the date on the notice. *See* 20 C.F.R. § 404.901.

[4] If the claimant can establish good cause for missing the deadline to request a hearing before a Law Judge, the time period may be extended. 20 C.F.R. § 404.933(c). In determining whether a claimant has shown good cause, the Law Judge considers any physical, mental, educational or linguistic limitations. 20 C.F.R. § 404.911.

2

Plaintiff appealed the Law Judge's August 29, 2007 decision to the Appeals Council. (Ortiz Decl., Exh. 6, p. 2.) The Appeals Council found that plaintiff had not provided a sufficient basis for changing the Law Judge's decision and denied her request for review. (Ortiz Decl., Exh. 7.) This action ensued.

When the Commissioner's argument is distilled, it is simply this: Plaintiff's request for a hearing was ten days late; she was found not to have presented good cause for the late filing; she failed to timely exhaust her administrative remedies, thus suffering a dismissal; there is no final agency decision to review under 42 U.S.C. § 405(g); and the court is without jurisdiction to entertain her claim. Plaintiff opposes the motion on two grounds. First, she contends that, in fact, she did establish and can show good cause for her untimely request for a hearing before a Law Judge. Plaintiff contends that her attorney lured her into believing the matter was resolved, but he disappeared and abandoned her before filing the request for a hearing.[5] Second, citing *Richardson v. Perales*, 402 U.S. 389 (1971), she contends that the Due Process Clause of the United States Constitution entitles her to a hearing regarding waiver of any overpaid benefits in a meaningful time and manner.[6]

As the Commissioner has contended, exclusive jurisdiction for judicial review of disability-related claims, including a claim for waiver of overpayment, lies under 42 U.S.C. § 405(g). An individual has a right under the statute to seek judicial review of any "final decision" of the Commissioner "made after a hearing" and commenced within the period prescribed. The statute

---

[5]Plaintiff indicated that she filed a complaint against her former attorney, Vincent Bonzagni, with the Virginia State Bar. (Ortiz Decl., Exh. 6, p. 2.)

[6]The Supreme Court has held that a person receiving benefits has a statutorily-created property interest in continuing to receive those benefits which is protected by the Fifth Amendment. *See Matthews v. Eldridge*, 424 U.S. 319, 332 (1976).

3

goes on to put it another way and bars judicial review of any findings or a decision by the Commissioner "except as herein provided." 42 U.S.C. § 405(h).

There is no dispute that the plaintiff timely sought reconsideration of the agency's initial denial of her request for waiver of overpayment. Reconsideration was denied upon a finding that plaintiff no longer was disabled because she had engaged in substantial gainful activity while receiving benefits. There also is no dispute over the fact that no request for a hearing before a Law Judge was actually filed with the administration until the one authored by plaintiff's current counsel dated July 25, 2007. As indicated above, the Law Judge found both that plaintiff's request for a hearing was untimely and that good cause did not exist to extend the time. The Appeals Council then simply took, and Commissioner takes here, the position that the dismissal was binding under 20 C.F.R. § 404.959. In other words, the Commissioner contends that the bar of administrative *res judicata* has attached under 20 C.F.R. § 404.957(c)(1), in that his designee made a previous determination on the same facts and on the same issue or issues, and that plaintiff lost the right to a hearing before a Law Judge under 20 C.F.R. § 404.930.

Since *Califano v. Sanders*, 430 U.S. 99 (1977), there have been numerous decisions addressing the application of administrative *res judicata* in the context of a reopening under 20 C.F.R. § 404.987 et seq. *See, e.g., McGowan v. Harris*, 666 F.2d 60 (4th Cir. 1981); *Cleaton v. Secretary*, 815 F.2d 295 (4th Cir. 1987).[7] *Sanders*, of course, stands for the proposition that Congress did not authorize judicial review of decisions denying reopening a claim absent a constitutional challenge. 430 U.S. at 109. However, this is not a reopening-related case, and there

---

[7] The regulations relating to reopening or revising determinations have been amended and renumbered since *Sanders*. Oddly, in 1976, those regulations were found at 20 C.F.R. § 404.957 et seq., but now they are found at 20 C.F.R. § 404.987 et seq. Currently, § 404.957 provides for dismissal of an untimely hearing request, which is the event at the heart of this case.

is a paucity of decisional authorities arising in the context of a pure dismissal of an untimely hearing request under 20 C.F.R. § 404.957. The undersigned suspects this is so because the regulatory authority is clear, and reviewing courts do not risk getting bogged down in a determination of whether a substantive decision has been made which, in turn, triggers § 405(g) jurisdiction.

In *Penner v. Schweiker*, 701 F.2d 256 (3rd Cir. 1983), the Third Circuit applied the *Sanders* rationale to a dismissal of a claimant's request for hearing, but the court found that the claimant had asserted a constitutional question relating to his mental capacity to understand and pursue his administrative remedies. The only case on point the undersigned has found in this circuit is the unpublished case *Nelson v. Barnhart*, No. 03-842-A, 2003 WL 24122717 (E.D. Va. Dec. 19, 2003). In *Nelson*, the court cited *Penner* and found no colorable constitutional claim had been raised and dismissed the action for lack of jurisdiction. The lesson seems to be that, unless the plaintiff can demonstrate a colorable constitutional claim, the court must dismiss an appeal of this nature for lack of jurisdiction.

Under the regulations, the factual basis for dismissing plaintiff's request for a hearing were "binding" on her. *See* 20 C.F.R. § 404.959. Plaintiff has not demonstrated that she suffers any mental condition which impaired her ability to understand and pursue her claim for waiver of overpayment. Nor can she assert lack of notice of the administrative dismissal. Plaintiff proffers attorney negligence as the only reason for failing to file within the prescribed period, and she makes little but the bald assertion that her Due Process rights would be violated if she is not allowed to pursue her claim for waiver of overpayment.

The undersigned certainly sympathizes with plaintiff's circumstances. However, the court is not called upon in these proceedings to determine the merits of her contention that counsel's

conduct may have contributed to her defaulting in the administrative process on her claim for a waiver of overpayment. Nor is there anything in this record that shows plaintiff failed to receive all the process that was due or that would trigger relief from the finality of the Commissioner's dismissal and confer jurisdiction on this court under 42 U.S.C. § 405(g) to review that dismissal.

Therefore, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING the Commissioner's motion to dismiss and DISMISSING this action from the docket of the court for lack of jurisdiction.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

Date: July 16, 2008