CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 0 5 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENDA MAJORS,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:08cv00005<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Report and Recommendation of the U.S. Magistrate Judge, and Plaintiff's objections thereto. I referred this matter to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on July 16, 2008, recommending that this Court enter an order granting the Commissioner of Social Security's ("Commissioner") motion to dismiss, and dismissing this action from the docket of the Court for lack of subject matter jurisdiction. Plaintiff timely filed objections to the Report on July 24, 2008 (docket entry no. 10), obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the Plaintiff's objections, the applicable law, the available evidence, and the Magistrate's Report, I hereby adopt the Report of the Magistrate Judge, overruling all objections and granting the Commissioner's motion to dismiss.

## I. BACKGROUND

Plaintiff originally filed for disability and disability insurance benefits on November 20, 1990, alleging a disability onset date of November 1989. (Ortiz Decl.[1], Exh. 3, p. 5; Ortiz Decl. Exh. 5, p. 3). On November 15, 1991, an Administrative Law Judge ("ALJ") determined that Plaintiff was in fact disabled. (Ortiz Decl., Exh. 5, p. 3). However, on July 10, 2003, after finding that Plaintiff worked several years at a level above substantial gainful activity, the Agency determined that she had been overpaid and consequently owed $32,046.80. (Ortiz Decl., Exh. 5, p. 3). Plaintiff then requested a waiver of the overpayment, which was denied on September 8, 2005. (Ortiz Decl., Exh. 1, pp. 1-2; Ortiz Decl., Exh. 5, p. 3). On September 22, 2006, the Agency held a personal conference to reconsider the initial determination denying the waiver. (Ortiz Decl., Exh. 3, p. 6). The Agency then sent Plaintiff a notice dated May 12, 2007, stating that it would not waive collection of the overpayment and informing Plaintiff that she could request a hearing before an ALJ within sixty days of receiving the notice.[2] (Ortiz Decl., Exh. 3, pp. 1-2).

On July 26, 2007, after the sixty day deadline set forth in the notice, Plaintiff filed a request for a hearing, acknowledging that the request was late but asking that the deadline be waived. (Ortiz Decl., Exh. 4, p. 2; Ortiz Decl., Exh. 5, p. 4). Plaintiff argued that "good cause" existed for

---

[1] Since there was no hearing held in this case, there is no administrative record to reference. The essential facts, however, are set forth in the Declaration of Donald V. Ortiz, which was filed with the Commissioner's brief in support of his motion to dismiss. (Dkt. No. 5, "Def's Brief"). Ortiz is the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Def's Brief, Ortiz Decl., p. 1).

[2] A written request for a hearing before an ALJ must be filed within sixty days of the date the claimant receives notice of the previous determination or decision. 20 C.F.R. § 404.933(b)(1) (2008). The notice of the previous determination is presumed received within five days after the date on the notice, unless the claimant shows otherwise. 20 C.F.R. § 404.901 (2008).

2

extension of the deadline because she relied to her detriment on her attorney at the time, who failed to request the hearing on her behalf within the required time frame.[3] The ALJ dismissed the request, finding that good cause did not exist for missing the deadline to request a hearing because Plaintiff was aware of her attorney's unreliability and failed to exercise due diligence by filing an appeal on her own behalf (Ortiz Decl., Exh. 5, pp. 1-4).

Plaintiff subsequently appealed the ALJ's decision to the Appeals Council, which denied her request for review on the grounds that the ALJ provided a good basis for his dismissal. (Ortiz Decl., Exh. 7). Plaintiff timely filed the instant action to obtain judicial review of the ALJ's decision on January 14, 2008.

The Commissioner filed a motion to dismiss (docket entry no. 4) Plaintiff's complaint, arguing that this Court lacked jurisdiction to decide the case because Plaintiff failed to timely exhaust her administrative remedies and because the Agency did not issue a judicially reviewable final decision under 42 U.S.C. § 405(g).[4] In her Response (docket entry no. 6), Plaintiff argued that her circumstances established good cause for her untimely request for a hearing and that the Due Process Clause of the U.S. Constitution entitled her to a hearing regarding the denial of the waiver in a meaningful time and manner. She requested that this Court issue an order that a hearing be held

---

[3] The sixty day time period for requesting a hearing before an ALJ may be extended if the claimant can establish good cause for missing the deadline. See 20 C.F.R. § 404.933(c) (2008). To determine whether good cause exists, the ALJ considers, *inter alia*, the circumstances that prevented the claimant from making a timely request, whether the Agency's actions misled the claimant, and whether the claimant had any physical, mental, educational, or linguistic limitations that prevented the filing of a timely request. 20 C.F.R. § 404.911 (2008).

[4] The statute provides, in pertinent part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (2006).

3

on the waiver issue by the Commissioner.

The Magistrate Judge recommended that the Commissioner's motion to dismiss be granted for lack of jurisdiction in his Report (docket entry no. 9), dated July 16, 2008. The Magistrate reasoned that there was nothing in the record that showed that Plaintiff did not receive all the process that was due or that would trigger relief from the finality of the Commissioner's dismissal and confer jurisdiction on this Court under 42 U.S.C. § 405(g) to review that dismissal.

On July 24, 2008, Plaintiff filed an objection to the Report of the U.S. Magistrate Judge (docket entry no. 10), asserting that this Court has jurisdiction to decide her case because a final decision under 42 U.S.C. § 405(g) was in fact issued by the Commissioner. Plaintiff contends that the personal conference held at the reconsideration level in September 2006 was actually a disability hearing under 20 C.F.R. § 913(b). According to Plaintiff, because the conference was actually a hearing, and because Plaintiff filed suit within the required sixty days of the Appeals Council's decision, the Commissioner's notice denying the waiver of recovery of repayment constituted a final agency decision ripe for this Court's review under 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. The Court Lacks Jurisdiction to Entertain Plaintiff's Claim Because She Failed to Exhaust Administrative Remedies

As noted by the Magistrate, 42 U.S.C. § 405(g) provides exclusive jurisdiction for judicial review of disability-related claims, including the claim for waiver made by Plaintiff in this case. Under the statute, an individual has the right to bring a civil action to seek judicial review of "any final decision of the Commissioner of Social Security made after a hearing" if commenced within the requisite time period. The exhaustion of all available administrative remedies is a prerequisite to federal court review under § 405(g). Mathews v. Eldridge, 424 U.S. 319, 328 (1976); Hopewell Nursing Home, Inc. V. Heckler, 784 F.2d 554, 557 (4th Cir. 1986).

4

Because exhaustion is a prerequisite to federal court jurisdiction, it is necessary to determine whether Plaintiff exhausted all available remedies and obtained a "final decision...made after a hearing" that is ripe for this Court's review. While the term "final decision" is left undefined by the statute, its meaning is left to the Agency to define by regulation. Weinberger v. Salfi, 422 U.S. 749, 766 (1975). The regulations specify a four-step administrative review process for obtaining a final decision subject to federal court review.[5]

Plaintiff first received an initial determination on September 8, 2005 denying her request for waiver of recovery of the overpayment (Ortiz Decl., Exh. 1, p. 1). The Agency reconsidered its decision at the September 2006 personal conference and later issued Plaintiff a notice again denying her request for a waiver and explaining its reasons for doing so. (Ortiz Decl., Exh. 3, pp. 1-7). But Plaintiff failed to exhaust her available remedies by neglecting to request a hearing within the required sixty day deadline, as instructed by the notice (Ortiz Decl., Exh. 5, p. 3). Because a hearing on the merits of Plaintiff's claim for waiver of recovery of overpayment was never held before an ALJ, there was no "final decision...made after a hearing" for this Court to review as provided in 42 U.S.C. § 405(g).

In her objection to the Magistrate's Report, Plaintiff attempts to characterize the September 2006 personal conference as a disability hearing, essentially arguing that the May 12, 2007 notice denying waiver of recovery of overpayment constituted a final agency decision ripe for this Court's review. But the notification of the personal conference sent to Plaintiff on September 8, 2006 indicates that the conference was scheduled to reconsider the Commissioner's

---

[5] The administrative review process consists of four required steps that must be completed before federal court review: i) an initial determination, ii) reconsideration, iii) hearing before an ALJ, and iv) Appeals Council review. Once a claimant has completed these four steps, he or she may seek federal court review if still dissatisfied with the final decision of the Commissioner. 20 C.F.R. §§ 404.900, 416.1400 (2008).

5

initial determination not to approve Plaintiff's request for waiver of recovery of overpayment, not to determine whether Plaintiff was disabled. (Ortiz Decl., Exh. 2, p. 1). The May 12, 2007 notice of the Commissioner's decision, stating the reasons why Plaintiff's request was not approved, also indicates that the personal conference was not a disability hearing under 20 C.F.R. § 404.913(b), but rather a case review under 20 C.F.R. § 404.913(a).[6] (Ortiz Decl., Exh. 3, pp. 1-2). Even assuming, for the sake of argument, that the personal conference was a "hearing" and the May 12, 2007 notice constituted a "final decision" under the statute, Plaintiff did not file her complaint with this Court until January 14, 2008 (docket entry no. 1), which was well after the sixty day deadline specified in 42 U.S.C. § 405(g).[7]

Exhaustion of administrative remedies is a jurisdictional prerequisite for federal court review. Because Plaintiff failed to exhaust her remedies by neglecting to request a hearing by the required deadline, and because the personal conference and subsequent notice of decision did not constitute a "final decision...made after a hearing," this Court lacks jurisdiction to entertain Plaintiff's claim regarding the denial of her untimely hearing request.

### B. Plaintiff's Due Process Rights Under the Fifth Amendment Were Not Violated

As noted by the Magistrate, there is support for the conclusion that this Court may review Plaintiff's constitutional claim in spite of her failure to exhaust all available administrative remedies. See, e.g., Califano v. Sanders, 430 U.S. 99, 109 (1977); Penner v. Schweiker, 701 F.2d 256 (3rd Cir.

---

[6] A case review gives the claimant and the other parties to the reconsideration an opportunity to present additional evidence. The official who reviews the claimant's case for the Agency then provides a reconsidered determination based upon all of that evidence. 20 C.F.R. § 404.913(a) (2008).

[7] The statute specifies that an individual may seek federal court review of a final decision of the Commissioner made after a hearing "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner... may allow."

6

1983); Nelson v. Barnhart, No. 03-842-A, 2003 WL 24122717 (E.D. Va. Dec. 19, 2003). Regardless, Plaintiff has failed to show how her due process rights were violated by the denial of her untimely request for a hearing.

While a person receiving disability benefits has a statutorily-created property interest in the continuing receipt of such benefits under the Fifth Amendment, see Mathews v. Eldridge, 424 U.S. 319, 332 (1976), there is nothing in the evidence that indicates Plaintiff failed to receive all the process that was due. The administrative review process provided the opportunity for a hearing regarding the repayment of her benefits, but Plaintiff failed to avail herself of this opportunity by not requesting a hearing within the relevant time period. The review process provided by the Commissioner was adequate and fair, and the ALJ's denial of Plaintiff's clearly untimely request did not violate her due process rights under the U.S. Constitution.

## III. CONCLUSION

After a thorough examination of Plaintiff's objections, the applicable law, the available evidence, and the Magistrate's Report, the Court adopts the Report of the Magistrate Judge, overruling Plaintiff's objections and granting the Commissioner's motion to dismiss. The Court lacks jurisdiction to hear Plaintiff's claim regarding the denial of her untimely hearing request because she failed to exhaust her administrative remedies, and there is no indication that Plaintiff failed to receive all the process that was due under the circumstances.

Accordingly, it is this day ORDERED that the Report and Recommendation of the United States Magistrate Judge filed July 16, 2008, shall be, and hereby is, ADOPTED, in its entirety. The Commissioner's decision is AFFIRMED and his motion to dismiss is GRANTED. This case is DISMISSED and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record.

Entered this 5th day of September, 2008

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE